**AFFIRM and Opinion Filed October 4, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00999-CV

**GREGORY CARL MORSE , Appellant**
**V.**
**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-00127-2017**

## MEMORANDUM OPINION ON MOTION TO REVIEW SUPERSEDEAS BOND

Before Chief Justice Wright, Justice Evans, and Justice Brown
Opinion by Chief Justice Wright

Before the Court is appellant's motion seeking review of the trial court's order setting the supersedeas bond. This is an appeal from a forcible detainer action. The trial court signed the judgment on August 20. In the judgment, the trial court set the supersedeas bond at $50,000. Appellant asked the trial court to reduce the supersedeas bond to zero dollars. Following a hearing, the trial court signed an order on August 28 reducing the bond to $40,000. The next day, appellant filed his emergency motion to review the bond.

We review a trial court's ruling for an abuse of discretion. *See G.M. Houser, Inc. v. Rodgers,* 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.). A judgment debtor may supersede a judgment by posting "a good and sufficient bond." *See* Tex. R. App. P. 24.1(a)(2). Rule 24.2 establishes the amount of security for different types of judgments. When, as here, the

judgment is for the recovery of an interest in real property, the amount of security must be at least the value of the property interest's rent or revenue. *See id*. 24.2(a)(2)(A).

The trial court must lower the amount of a supersedeas bond to an amount that will not cause the judgment debtor substantial economic harm if the court finds that posting a bond in the amount originally required is likely to cause the judgment debtor substantial economic harm. *See id*. 24.2(b). A judgment debtor seeking to lower the amount of security has the burden to prove it will suffer substantial economic harm if the amount is not decreased. *See Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 910 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Appellant asserts three arguments why the bond should be lowered. First, he argues that his indigence exempts him from the requirement that he post any supersedeas bond. As support, he cites to a footnote from a case out of this Court. *See Sharon Lee Wallace-Garza v. Irma Garza*, No. 05-16-00516-CV, 2016 WL 7448340, at 1 (Tex. App.—Dallas Oct. 27, 2016, no pet.) (mem. op.). We dismissed the appeal in *Wallace-Garza* for failure to pay the filing fee and to provide the required documentation regarding the clerk's record. In the footnote the Court states that we denied the appellant's emergency motion to stay enforcement of the judgment because she "did not file a supersedeas bond or affidavit of inability to pay for a bond . . ." To the extent this Court suggests in the footnote that filing an affidavit of inability to post a bond is sufficient to stay enforcement of a judgment in a forcible detainer suit, such statement was dicta and formed no basis for the opinion.

Furthermore, the law is clear. Section 24.007 of the property code states that a judgment of a county court in an eviction suit may not *under any circumstances* be stayed pending appeal unless, within ten days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. TEX. PROP. CODE ANN. § 24.007 (West Supp. 2017); TEX. R. CIV.

P. 510.13. A defendant's indigence does not relieve him of the obligation to file a supersedeas bond. *See Johnson v. Freo Texas LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *2 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.); *Brigandi v. Am. Mort. Inv. Partners Fund I Trust*, No. 02-16-00444-CV, 2017 WL 1428726, at *3 (Tex. App.—Fort Worth April 20, 2017, pet. dism'd) (mem. op.).

Appellant's indigence is not a pass of the requirement of a supersedeas bond in this appeal from a judgment in a forcible detainer suit. Moreover, at the hearing to reduce the bond, appellant offered no evidence that posting a bond will cause him substantial economic harm other than mentioning that he was indigent.

Second, appellant asserts that because appellee did not seek, and the trial court did not award monetary damages, there is no need for a bond. We disagree. Rule of appellate procedure 24.2(a)(2)(A) provides that when judgment is for the recovery of real property, the amount of security must be at least the value of the property interest's rent or revenue.

Third, appellant asserts that appellee's use of Zillow for determining rental value was not proper under the rules of evidence. Appellee referenced Zillow's valuation regarding the property during argument. The burden of proof at the hearing to reduce the amount of the bond was on appellant. Appellant testified that the original note on the house was in the amount of $414,500. His only other evidence was the testimony of Lewis Mohr, Jr., his business partner and agent. Mohr is neither a licensed real estate agent nor certified appraiser. He testified that "as an investor, if I was flipping houses, I wouldn't give you $300,000 for that place. It's got so much deferred maintenance, it's a nightmare." Appellant did not meet his burden. Under these circumstances, we conclude the trial court did not abuse its discretion in setting the bond.

We affirm the trial court's August 28, 2018 order setting the supersedeas bond.


/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE


180999F.P05